IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-12-0272-04 |
| | § | |
| JAMES LAWRENCE BURNS | § | |

**MEMORANDUM OPINION AND ORDER**

On July 3, 2014, James Lawrence Burns entered a guilty plea to one count of conspiracy to participate in racketeering activity. In a judgment entered on October 10, 2014, the court sentenced Burns to 240 months' imprisonment and dismissed the remaining counts against him pursuant to the government's motion and the parties' written plea agreement. Burns, who is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has now filed a Writ of Habeas Corpus and Motion to Enforce Jurisdiction, Sentence, and Judgment ("Burns' Motion") (Docket Entry No. 1517) to challenge the administration of his sentence under 28 U.S.C. § 2241. Burns' Motion will be denied for the reasons explained below.

**I. Background**

Public records reflect that Burns is currently incarcerated in TDCJ as the result of a conviction that he received for possession of with intent to deliver a controlled substance in Hood County,

Texas, Cause No. CR10213.[1] The Presentence Report ("PSR") confirms that Burns received a sentence of 20 years' imprisonment in that case on October 30, 2007.[2] Two months later, on December 28, 2007, Burns received a two-year sentence for possession of a controlled substance in Tarrant County, Texas, Cause No. 10144160.[3] Although the two-year sentence that Burns received in Tarrant County Cause No. 10144160 appears to have been discharged in 2009, Burns was on parole in Hood County Cause No. CR10213 when he committed the racketeering offenses that resulted in his federal sentence.[4]

Burns now contends that he is entitled to relief under 28 U.S.C. § 2241, from the manner in which his sentence is being served.[5] Burns references an Amended Judgment entered on March 17, 2015, in which the court clarified that it intended the 240-month federal sentence that he received in this case to run "concurrent with any sentence imposed in Hood County, Texas, Cause No. CR10213 and Tarrant County, Texas, Cause No. 1044160."[6] Burns explains that, after his federal sentence was originally imposed in 2014, he

---

[1] See Texas Dep't of Criminal Justice - Offender Information, located at: http://www.offender.tdcj.texas.gov (last visited Feb. 20, 2018).

[2] See PSR, Docket Entry No. 1022, p. 40 ¶ 196.

[3] Id. ¶ 197.

[4] Id.

[5] See Burns' Motion, Docket Entry No. 1517, p. 2.

[6] See Amended Judgment in a Criminal Case, Docket Entry No. 1387, p. 2.

returned to state custody where his parole was revoked in Hood County Cause No. CR10213 on an unspecified date.[7] After the revocation of his parole in that case, Burns was sent to TDCJ, where he remains in state custody.[8] Reasoning that federal officials maintained "primary custody" of him pursuant to a writ of habeas corpus ad prosequendum when his parole was revoked in state court,[9] Burns argues that he should be serving his time in the Bureau of Prisons ("BOP") and that his continued confinement in TDCJ is illegal.[10] Therefore, Burns asks the court to direct the United States Marshal to take custody of him from TDCJ so that he can serve his state and federal sentence concurrently in the BOP.[11]

## II. Standard of Review

The writ of habeas corpus provides a remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. See Reyes-Requena v. United States, 243 F.3d 893, 900-01

---

[7]See Burns' Motion, Docket Entry No. 1517, pp. 2, 4.

[8]Id. at 2.

[9]Id. at 4, 5.

[10]Id. at 6.

[11]Id. at 7.

(5th Cir. 2001); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) (comparing collateral attacks upon a conviction or sentence based on errors at trial or sentencing, which are governed by 28 U.S.C. § 2255, with habeas corpus petitions challenging the manner in which a sentence is executed, which are governed by 28 U.S.C. § 2241). To prevail, the petitioner must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### III. Discussion

As an initial matter, Burns does not seek immediate or speedier release from confinement. See Preiser, 93 S. Ct. at 1841. As outlined further below, he has not shown that he is currently in custody in violation of the Constitution. Therefore, he does not state a claim upon which relief may be granted under 28 U.S.C. § 2241.

In support of his request for relief under § 2241, Burns complains that the BOP has not designated state prison as the place of confinement for purposes of serving his concurrent federal sentence.[12] Burns faults the BOP for failing to do so and for failing to retain primary custody of him after the revocation of his parole in state court.[13]

As Burns appears to recognize, the United States Attorney General, through the BOP, has the responsibility for administering

---

[12] See Burns' Motion, Docket Entry No. 1517, p. 6.

[13] Id. at 4, 5-6.

-4-

a federal sentence once it has been imposed. See 18 U.S.C. § 3621(a); United States v. Wilson, 112 S. Ct. 1351, 1355 (1992). The Attorney General, through the BOP, also has discretion to designate a state facility as the place in which a federal prisoner serves his sentence. See 18 U.S.C. § 3621(b). Although a district court can recommend the place of imprisonment, see 18 U.S.C. § 3621(b)(4), that recommendation is not binding on the BOP because "only the Bureau of Prisons has the actual authority to designate the place of incarceration." United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993) (citations omitted) (explaining that "[t]he Bureau of Prisons is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences."). Thus, this court has no authority to direct the BOP to designate a particular facility for service of Burns' sentence. See Voda, 994 F.2d at 152; United States v. Serafini, 233 F.3d 758, 778 n.23 (3d Cir. 2000) ("[A] district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence.") (emphasis in original).

To the extent that Burns requests a transfer from state to federal custody, the court also lacks authority to force the United States Marshal or the BOP to take him into federal custody. A prisoner has no constitutional right to imprisonment in the facility of his choice. See Olim v. Wakinekona, 103 S. Ct. 1741, 1745 (1983) (holding that a prisoner has "no justifiable

expectation that he will be incarcerated in any particular prison"). Burns does not demonstrate that a constitutional violation has occurred with respect to the administration of his sentence, and he does not otherwise show that he is entitled to relief under 28 U.S.C. § 2241.[14]

## IV. Conclusion and Order

Accordingly, it is **ORDERED** that the Writ of Habeas Corpus and Motion to Enforce Jurisdiction, Sentence, and Judgment filed by James Lawrence Burns (Docket Entry No. 1517) is **DENIED**.

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 23rd day of February, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[14] For purposes of calculating a prisoner's time credits, the BOP may designate nunc pro tunc a state prison as the place in which a prisoner serves his federal sentence. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010) (citing Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990)). Requests for a nunc pro tunc desigation are not ripe until the prisoner has first exhausted his administrative remedies through the BOP. See Pierce, 614 F.3d at 160; see also Setser v. United States, 132 S. Ct. 1463, 1473 (2012). If after exhausting administrative remedies the prisoner remains dissatisfied with the manner in which his sentence is being administered, he may then file an action seeking federal habeas corpus relief under 28 U.S.C. § 2241 in the district where he is incarcerated. See Lee v. Wetzel, 244 F.3d 370, 372 (5th Cir. 2001) ("[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition."). Because it is evident that Burns has not yet requested a nunc pro tunc designation by the BOP, the court does not address this issue further.